# United States Court of Appeals
## For the First Circuit

No. 03-2736

TITO IBRAHIM BARSOUM ISHAK,
Petitioner,

v.

ALBERTO R. GONZALES[*], ATTORNEY GENERAL,
Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

No. 04-1138

TITO IBRAHIM BARSOUM ISHAK,
Petitioner, Appellant,

v.

ALBERTO R. GONZALES, ATTORNEY GENERAL, ET AL.,
Respondents, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]
[Hon. Robert B. Collings, U.S. Magistrate Judge]

---

[*]Alberto Gonzales was sworn in as Attorney General of the United States on February 3, 2005. We have substituted him for John Ashcroft, previous holder of that office, as the respondent. See Fed. R. App. P. 43(c)(2).

Before

Boudin, <u>Chief Judge</u>,
Campbell, <u>Senior Circuit Judge</u>,
and Gertner[**], <u>District Judge</u>.

_____

<u>Anthony Drago, Jr.</u> for petitioner, appellant.
<u>Ernesto H. Molina, Jr.</u> Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, with whom <u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, and <u>David V. Bernal</u>, Assistant Director, were on brief for respondent, appellee.

_____

September 6, 2005

_____

[**]Of the District of Massachusetts, sitting by designation.

**CAMPBELL**, **Senior Circuit Judge**.  When we heard argument, two matters were consolidated before us:  (1) Ishak's petition for review of the Board of Immigration Appeals' (BIA) denial of his motion to reconsider its decision refusing him asylum and ordering his removal; and (2) Ishak's appeal from the district court's dismissal, for lack of subject matter jurisdiction, of the habeas corpus petition he had brought to contest his deportation.

Before we had decided, the Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("Real ID Act"), went into effect. This gave new and dispositive support to the district court's holding that it lacked jurisdiction over Ishak's habeas claims.  It also, however, transferred these same claims to our court, in the form of a new, statutorily-created petition for review.  Because of the relevance of the Real ID Act, we invited the parties to submit supplemental briefing containing their views on its effects here. We now affirm the district court's dismissal of the habeas corpus petition for lack of jurisdiction, and we dismiss on the merits both Ishak's original petition for review and the new petition for review established by operation of the Real ID Act relative to Ishak's habeas claims in the district court.

**I.**

**Background**

Ishak, a native and citizen of Egypt, entered the United States on June 23, 1999 as a tourist.  He overstayed his visa and

applied for asylum on July 21, 2000, claiming that he suffered past persecution on account of his religion, Coptic Orthodox Christianity, his membership in a particular social group, and his political opinion. Ishak also applied for withholding of removal, voluntary departure, and relief under the Convention Against Torture.

An asylum officer of the Immigration and Naturalization Service (INS)[1] conducted an interview of Ishak and determined that he was ineligible for asylum. The asylum officer outlined her assessment in a memorandum in which she recommended referral to an immigration judge (IJ). The INS denied Ishak's asylum application and referred the case to the immigration court for further proceedings.

On February 27, 2002, the IJ held a hearing at which Ishak testified. The IJ rendered an oral decision, denying Ishak's applications for asylum, withholding of removal, and relief under the Convention Against Torture, and granting voluntary departure in lieu of removal. In his oral decision, the IJ reviewed various parts of the record, including the asylum officer's assessment memorandum, which he recited verbatim. The IJ further stated that he had "observed the demeanor of [Ishak] during the time he [had]

---

[1]On March 1, 2003, the relevant functions of the INS were transferred to the new Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement. We refer to the agency throughout this opinion as the INS.

testified" and found his "testimony to be less than candid, his answers to be rambling, his answers not responsive to the questions asked, and his testimony not credible concerning the reasons for his leaving Egypt and not wanting to return to Egypt."

Ishak filed a timely appeal with the BIA. He argued that he had provided sufficient evidence to establish his eligibility for asylum. In the alternative, he contended that he had been denied a fair hearing because of the lack of competent translation, the inability to cross-examine the asylum officer after the IJ's reliance on her findings, and the IJ's antagonistic questioning on cross-examination.

On August 27, 2003, the BIA dismissed the appeal. The BIA found that the IJ's adverse credibility finding was supported by the record. Specifically, the BIA noted that it "agree[d] with the [IJ's] characterization that [Ishak] provided unresponsive answers and was evasive . . . when the [IJ] asked questions to clarify implausibilities and inconsistencies in his testimony." The BIA also found that "[Ishak's] testimony regarding his arrest and false accusation [was] too implausible and [had] too many unresolved inconsistencies to establish his eligibility for asylum." Moreover, as to Ishak's claim that he had no opportunity to cross-examine the asylum officer after the IJ had relied on her findings, the BIA found that the IJ had "merely agreed with the asylum officer's credibility finding, but [had] made his own

credibility finding based on his own observations at the merits hearing."

Ishak did not file with this court a petition for direct review of the BIA's decision disposing of his appeal. See 8 U.S.C. § 1252(a)(1), (b) (2000). On September 26, 2003, Ishak instead filed a timely motion with the BIA to reconsider its August 27, 2003 decision dismissing his appeal. Ishak repeated the arguments he had made in his appeal, and asserted that the BIA had made errors of fact and law in conflict with this court's June 2003 decision of El Moraghy v. Ashcroft, 331 F.3d 195 (1st Cir. 2003), issued after he had filed his appeal but before the BIA entered its own decision dismissing the appeal. Ishak claimed that, in light of El Moraghy, the IJ had misused the country condition reports as a test for corroboration. See id. at 204.

On December 3, 2003, the BIA rejected Ishak's motion to reconsider. The BIA stated that it had considered the same arguments made by Ishak in the motion to reconsider before rendering an initial decision in his case. The BIA "decline[d] to revisit" those arguments and denied the motion.

On December 24, 2003, Ishak filed with this court a timely petition for direct review of the BIA's denial of reconsideration. See 8 U.S.C. § 1252(b) (2000). In his petition for review, Ishak requested a stay of removal, which this court denied.

-6-

On January 20, 2004, while the above petition for review of the BIA's denial of reconsideration was pending in this court, Ishak filed in the United States District Court for the District of Massachusetts a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that the immigration authorities had denied him the right to a fair and impartial hearing. He contended that the IJ had misused the country condition reports and had failed to make independent findings, as required by El Moraghy, and that the IJ's questioning on cross-examination was indicative of the unfair hearing he received. The United States filed a return to the habeas petition, arguing that the district court lacked habeas jurisdiction. According to the government, determinations of the kind Ishak sought to have reviewed in the district court could only be reviewed by the court of appeals in a timely-filed statutory petition for review. As Ishak had failed to pursue that avenue when open to him, the district court lacked jurisdiction to deal with the issues that could have been but were not presented via the review petition mechanism.

On January 23, 2004, the district court dismissed Ishak's habeas petition "for lack of subject matter jurisdiction." Ishak timely appealed to this court from the dismissal order. By order dated January 23, 2004, this court granted Ishak's emergency motion for stay of removal. We then consolidated (1) Ishak's petition for review of the BIA's denial of the motion to

reconsider; and (2) his appeal from the district court's dismissal of the habeas petition.

The above matters were briefed and argued to us. Before we could render a decision, however, the President signed into law the Real ID Act, Pub. L. No. 109-13, 119 Stat. 231. This legislation largely mooted the parties' original arguments concerning whether the district court had habeas jurisdiction to resolve the due process claims Ishak put to that court. The Real ID Act provides unequivocally that a petition for direct review in the court of appeals shall be the exclusive means for judicial review of an order of removal, and that cases pending in the district court on the date of enactment challenging a final deportation order shall be transferred, in the form of petitions for review, to the courts of appeals. Real ID Act § 106, Pub. L. No. 109-13, 119 Stat. at 310-11. Cases so transferred are not subject to the thirty-day filing deadline in section 242(b)(1) of the Immigration and Nationality Act (INA). Id. § 106(c), 119 Stat. at 311; see infra.

Because of the Real ID Act's relevance, we invited and received supplemental briefing from the parties on its impact upon their contentions. With the benefit of this additional briefing, we now address, in their altered form, the issues before us.

## II.

## Jurisdiction of the District Court

### A. Under Prior Law

Prior to enactment of the Real ID Act, the courts of appeals were divided over whether the district courts possessed habeas jurisdiction to consider constitutional challenges to deportation orders that so-called non-criminal aliens[2] could but did not raise by means of direct petitions for review filed in the courts of appeals.[3] Our circuit had left open whether, in a case like Ishak's, habeas review was an alternative to a timely-filed petition for review in the court of appeals. See Seale v. INS, 323 F.3d 150, 153 (1st Cir. 2003).

In its original argument made to us prior to enactment of the Real ID Act, the government contended that, under then-existing law, Ishak lacked the right to challenge his deportation by habeas

---

[2]We use "criminal aliens" as shorthand for aliens made deportable by reason of having been convicted of crimes while in this country which, by law, were grounds for deportation. Non-criminal aliens are those who, like Ishak, are deportable for reasons other than criminal behavior while here.

[3]Compare, e.g., Riley v. INS, 310 F.3d 1253 (10th Cir. 2002) (holding that district courts have jurisdiction over habeas petitions brought by non-criminal aliens); Liu v. INS, 293 F.3d 36 (2d Cir. 2002) (same); Chmakov v. Blackman, 266 F.3d 210 (3d Cir. 2001) (same), with Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) (dismissing habeas petition because alien failed to file a timely petition for direct review); Lopez v. Heinauer, 332 F.3d 507, 511 (8th Cir. 2003) ("Because judicial review was available to [the noncriminal alien], the district court was not authorized to hear this § 2241 habeas petition.").

corpus. It argued that the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (1996), stripped the district court of jurisdiction over habeas petitions brought by non-criminal aliens. Ishak replied that, to the contrary, the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001), addressing the deportation of criminal aliens, should be broadly read to provide that, notwithstanding AEDPA and IIRIRA, district courts retained habeas jurisdiction over non-criminal aliens' objections to a deportation order. Id. at 314. Those arguments are no longer germane, however, given enactment of the Real ID Act which, in the plainest of language, deprives the district courts of jurisdiction in removal cases.[4]

## B. **Impact of the Real ID Act**

Shortly after briefing and oral argument in this case, the Real ID Act took effect. See Pub. L. No. 109-13, 119 Stat. 231 (2005). The Real ID Act amended section 242 of the INA, 8 U.S.C. § 1252, to place review of all final removal orders, for both criminal and non-criminal aliens, in the courts of appeals. See 8 U.S.C. § 1252(a)(5), amended by Real ID Act § 106, 109 Pub. L. No.

---

[4]Ishak raises no constitutional challenge to the provisions of the Real ID Act amending the INA.

13, 119 Stat. at 310-11. By channeling review to the courts of appeals, Congress sought to streamline what it saw as "bifurcated and piecemeal" review of orders of removal. See H.R. Conf. Rep. No. 109-72, at 173-75 (2005).

Section 106(a)(1)(B) of the Real ID Act created new INA § 242(a)(5), which expressly bars habeas review, pursuant to 28 U.S.C. § 2241, of final orders of removal:

> EXCLUSIVE MEANS OF REVIEW. -- Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5), amended by Real ID Act § 106(a)(1)(B), Pub. L. No. 109-13, 119 Stat. at 310-11.

Section 106(a)(1)(B) of the Real ID Act also created new INA § 242(a)(4), which provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of any cause or claim under the United Nations Convention Against Torture

-11-

and Other Forms of Cruel, Inhuman, or Degrading Treatment
or Punishment . . . .

8 U.S.C. § 1252(a)(4), <u>amended by</u> Real ID Act § 106(a)(1)(B), Pub.
L. No. 109-13, 119 Stat. at 310.

The Real ID Act also amended INA § 242(b)(9), which now
provides:

> Judicial review of all questions of law and fact,
> including interpretation and application of
> constitutional and statutory provisions, arising from any
> action taken or proceeding brought to remove an alien
> from the United States under this subchapter shall be
> available only in judicial review of a final order under
> this section. Except as otherwise provided in this
> section, no court shall have jurisdiction, by habeas
> corpus under section 2241 of title 28, United States
> Code, or any other habeas corpus provision, by section
> 1361 or 1651 of such title, or by any other provision of
> law (statutory or nonstatutory), to review such an order
> or such questions of law or fact.

8 U.S.C. § 1252(b)(9), <u>amended by</u> Real ID Act § 106(a)(2), Pub. L.
No. 109-13, 119 Stat. at 311 (emphasis added).[5]

The Real ID Act provided that the amendments shall take
effect on May 11, 2005, the date of the enactment of the Real ID
Act, and shall apply to cases in which the final order of removal
was issued "before, on, or after" May 11, 2005. Real ID Act §
106(b), Pub. L. No. 109-13, 119 Stat. at 311. The plain language
of these amendments, in effect, strips the district court of habeas
jurisdiction over final orders of removal, including orders issued

---

[5]The Real ID Act does not preclude, however, district court
habeas review over challenges to detention that are independent of
challenges to removal orders. See H.R. Conf. Rep. No. 109-72, at
175.

prior to enactment of the Real ID Act. As Ishak's final order of removal was issued before May 11, 2005, the jurisdiction-stripping provisions enacted by the Real ID Act apply to this case. It is thus academic whether, in the prior legal landscape, the district court erred or did not err in concluding that it lacked habeas jurisdiction. Regardless whether the district court had habeas jurisdiction under the law existing when it ordered the dismissal of Ishak's habeas petition, Congress now has definitively eliminated any provision for jurisdiction. We accordingly affirm the district court's judgment dismissing Ishak's habeas petition for lack of subject-matter jurisdiction.

## III.

### Transfer of Habeas Proceeding in the District Court to the Court of Appeals as a Petition for Review

Section 106(c) of the Real ID Act provides that, if a habeas petition challenging a final order of removal "is pending in a district court on the date of the enactment" of the Real ID Act, "then the district court shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed under [INA § 242(b)(2)]." Pub. L. No. 109-13, 119 Stat. at 311. The court of appeals is to treat the transferred district court case "as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply." Id. INA § 242(b)(1), to which the above provision refers, provides that a

-13-

"petition for review must be filed not later than 30 days after the date of the final order of removal."  8 U.S.C. § 1252(b)(1) (2000).

Here, Ishak did not file within the thirty-day time period a petition for review of the BIA's order dismissing his appeal.  Instead, he filed with the BIA a motion to reconsider.  He concedes that the motion to reconsider did not toll the thirty-day deadline.  See Ven v. Ashcroft, 386 F.3d 357, 359-60 (1st Cir. 2004).  Thereafter, he separately petitioned the district court for a writ of habeas corpus claiming that the immigration proceedings resulting in his deportation were constitutionally infirm.

Both parties agree in their supplemental filings that, under the terms of the Real ID Act, we must now treat Ishak's habeas case and the instant appeal from the district court's dismissal of Ishak's habeas petition, as if the habeas case had been filed pursuant to a timely petition for direct review of the BIA's order affirming Ishak's deportation.  This is so even though the thirty-day period for filing a petition for review has long since expired.  See Real ID Act § 106(c), Pub. L. No. 109-13, 119 Stat. at 311.

To be sure, the transfer provision in the Real ID Act applies to a habeas petition challenging a removal order that is "pending in a district court" on the date of enactment of the Act. Id.  Here, on the date of enactment, the appeal from the district court's dismissal order was pending in our court; the habeas

petition itself had been dismissed in the district court. Nonetheless, we think the habeas case was still "pending" in the district court within the meaning of the Real ID Act. Until our court acted on the appeal, the case necessarily remained alive in the lower court although dormant. See 16A Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3949.1 at 50-53 (3d ed. 1999 & Supp. 2005) (discussing the district court's power and residual jurisdiction in cases pending on appeal); cf. Kusay v. United States, 62 F.3d 192, 194 (2d Cir. 1995) (noting that the district court retains jurisdiction over "those aspects of the case [not] involved in the appeal").

It is apparent from Congress' clear intent to place all review of removal orders in the courts of appeals, see H.R. Conf. Rep. No. 109-72, at 175, that habeas appeals from a district court that are pending in this court on the effective date of the Real ID Act must be converted, along with the underlying district court case, to petitions for review.[6] See Bonhometre v. Gonzales, 414

---

[6]Some habeas appeals pending in this court may not be properly converted before us to petitions for review. See INA § 242(b)(2), 8 U.S.C. § 1252(b)(2) (2000) ("The petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings."); Real ID Act § 106(c), Pub. L. No. 109-13, 119 Stat. at 311. But such is not the case here. Because Ishak's immigration proceedings were held in Boston, Massachusetts, this court would be the proper venue for a petition for review. See INA § 242(b)(2), 8 U.S.C. § 1252(b)(2) (2000).

F.3d 442, 446 (3d Cir. 2005). The government as well as the petitioner agrees with this interpretation.

## IV.

### Merits of Claims Now Before Us

We accordingly now have before us two petitions for review. The first is the petition for review timely filed in this court by Ishak to review the BIA's denial of his motion to reconsider its prior upholding of the INS removal order. The second is the converted habeas case originally brought in the district court, challenging the constitutionality of the removal proceedings. While the actual issues in both petitions are remarkably similar, we shall consider them separately so as to avoid confusion because of the difference in review standards and timing.

### A. Petition for Review Based Upon Denial of Motion to Reconsider

A court of appeals reviews BIA decisions on motions to reconsider solely for abuse of discretion. Hossain v. Ashcroft, 381 F.3d 29, 31 (1st Cir. 2004). "In the reconsideration context, we will find an abuse of discretion if the denial was made without a 'rational explanation, inexplicably departed from established policies, or rested on an impermissible basis' (such as race)." Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003) (quoting Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001)).

Ishak argues that the BIA abused its discretion in denying his motion to reconsider because it failed to consider several issues related to our decision in El Moraghy v. Ashcroft, 331 F.3d 195 (1st Cir. 2003): the IJ's misuse of the country condition reports; the IJ's and the BIA's failure to make a credibility finding; and the BIA's failure to exercise independent judgment in its decision.

### 1. Misuse of the Country Condition Reports

In El Moraghy, a case on direct appeal, we criticized the IJ for several errors. First, we noted that the IJ "improperly imposed a requirement that the country condition reports refer specifically to the petitioner or his family members." Id. at 204. In other words, the IJ "appear[ed] to have employed the country condition reports solely as a test of direct corroboration, rather than for the purposes of providing context and generalized credibility assessment." Id.

We do not see a similarly improper use of the country condition reports here. The IJ did note in his evidence summary that the country condition reports submitted by Ishak did not refer to any members of his family. But he said nothing further on this subject. It appears that his summary of the evidence was designed solely for the purposes of providing context. He did not tie this item into a specific adverse finding. On this record, we cannot

-17-

say the BIA abused its discretion in not granting a rehearing based on misuse of the country condition reports.

## 2. Failure to Make Credibility Findings and to Exercise Independent Judgment

We also noted in El Moraghy the IJ's and the BIA's failure to make findings as to credibility or past persecution. Id. at 198. We remanded the case for further consideration, because the absence of findings as to credibility or past persecution prevented us from resolving the case on either of those grounds. Id. Ishak argues that the IJ and the BIA similarly failed to make credibility findings and that the BIA failed to exercise independent judgment in its decision.

Ishak, however, failed to raise these arguments before the BIA. See 8 U.S.C. § 1252(d)(1) (2000). We lack jurisdiction over issues not raised before the BIA. Ravindran v. INS, 976 F.2d 754, 762 (1st Cir. 1992). Due process claims may be exempt from this procedural rule where resort to the BIA would be futile because of its lack of power to adjudicate constitutional issues. See, e.g., Sousa v. INS, 226 F.3d 28, 32 (1st Cir. 2000); Ravindran, 976 F.2d at 762. See infra. In the petition for review of the denial of his motion to reconsider, however, Ishak does not challenge the constitutionality of the regulations or procedures that governed his hearing. Instead, he complains of "irregularities which the BIA could have corrected if brought to

its attention." Ravindran, 976 F.2d at 763. As Ishak did not raise these issues before the BIA, we cannot hear them now.

### 3. Antagonistic Cross-Examination by the IJ

Ishak also contends the IJ's antagonistic cross-examination "is indicative of the unfair hearing [he] received" and that the BIA abused its discretion by "[doing] nothing to address or remedy that legal error." The IJ has broad discretion over the conduct of trial proceedings. Aguilar-Solis v. INS, 168 F.3d 565, 568 (1st Cir. 1999). During Ishak's testimony, the IJ asked Ishak questions, attempting to clarify portions of his testimony. One may infer from the record that the IJ's manner of questioning was brusque and impatient. But we cannot say the questioning was so obviously biased or unfair that the BIA abused its discretion in determining that the questioning did not make Ishak's hearing unfair. See Liteky v. United States, 510 U.S. 540, 555-56 (1994) (holding that charges of judicial bias and partiality cannot be established solely by "expressions of impatience, dissatisfaction, annoyance, and even anger"); Morales v. INS, 208 F.3d 323, 327 (1st Cir. 2000).

We accordingly reject Ishak's petition for review of the BIA's denial of his motion to reconsider its decision denying asylum and ordering his removal.

**B.   Petition for Review Based Upon Ishak's Habeas Case**

A district court case transferred to a court of appeals under the Real ID Act is to be treated "as if it had been filed pursuant to a petition for review . . . ."  Real ID Act § 106(c), Pub. L. No. 109-13, 119 Stat. at 311.  The court thus looks at the same issues raised in the district court case but as if presented to it in a timely petition for review.

Ishak's claims in his converted district court case are essentially a reformulation of the arguments he raised in the petition for review of the BIA's denial of his motion to reconsider.  He presents those, however, as violations of his constitutionally-protected right of due process, contending that the IJ and the BIA violated his "constitutional right to a fair trial and informed decisions with specific and sound reasoning."  He argues that his hearing was not fair and impartial because the IJ misused the country condition reports, the IJ and the BIA failed to make credibility findings, and the BIA failed to exercise its independent judgment, as required by El Moraghy.  Ishak also argues that the IJ's questioning on cross-examination was indicative of the unfair hearing he received.

"It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  Reno v. Flores, 507 U.S. 292, 306 (1993).  We review a claim that an

-20-

administrative law judge violated a party's right to due process <u>de novo</u>.  <u>Mekhoukh</u> v. <u>Ashcroft</u>, 358 F.3d 118, 129 (1st Cir. 2004).

### 1.  Misuse of the Country Condition Reports

First, for essentially the same reasons we stated in affirming the BIA's denial of the motion to reconsider, we reject Ishak's claim that his right to due process was violated by the IJ's misuse of the country condition reports under <u>El Moraghy</u>.  <u>See</u> <u>supra</u> p. 17.

### 2.  Failure to Make Credibility Findings and to Exercise Independent Judgment

Second, Ishak argues, based on <u>El Moraghy</u>, that his right to due process was violated because the IJ and the BIA improperly relied on the asylum officer's assessment memorandum instead of making their own credibility findings, and that the BIA failed to exercise its independent judgment. As stated earlier, Ishak failed to raise these arguments to the BIA, and we lack jurisdiction to review issues not raised before the BIA.  <u>Ravindran</u>, 976 F.2d at 762.  Due process claims may be exempt from this procedural rule where resort to the BIA would be futile because of its lack of power to adjudicate constitutional issues.  <u>See, e.g.</u>, <u>Sousa</u>, 226 F.3d at 32; <u>Ravindran</u>, 976 F.2d at 762.  A petitioner cannot, however, obtain review of unraised procedural errors in the administrative process by simply alleging that such errors amount to due process violations.  <u>Reid</u> v. <u>Engen</u>, 765 F.2d 1457, 1461 (9th Cir. 1985).  "Unless an alien shows that his unraised due process

-21-

claims go beyond mere 'procedural errors,' which the BIA plainly may address, [] this court lacks jurisdiction to hear them." Ravindran, 976 F.2d at 762.

Even assuming arguendo that Ishak's arguments that the IJ and the BIA failed to make credibility findings and that the BIA failed to exercise independent judgment are claims that go beyond mere procedural errors, they lack merit. It is true, as Ishak points out, that the IJ recited the asylum officer's assessment memorandum verbatim as part of his oral decision. The IJ, however, held a hearing to allow Ishak to develop his claims, and, as the BIA noted, the IJ additionally "made his own credibility finding based on his own observations at the merits hearing." In his oral decision, the IJ stated, as already recited:

> I have observed the demeanor of the respondent during the time he has testified in these proceedings and find his testimony to be less than candid, his answers to be rambling, his answers not responsive to the questions asked, and his testimony not credible concerning the reasons for his leaving Egypt and not wanting to return to Egypt.

The IJ's exhaustive discussion of the record shows that he independently reviewed the record and came to his own conclusion that Ishak lacked credibility. The fact that he also recited the asylum officer's assessment memorandum and reached the same conclusion as the asylum officer does not render Ishak's hearing unfair.

On appeal, the BIA made its own credibility finding and exercised its independent judgment. The BIA agreed with the IJ's characterization of Ishak's testimony as not responsive, but gave independent reasons for its decision. The BIA said that Ishak's unresponsive testimony occurred when the IJ was trying to clarify "implausibilities and inconsistencies in his testimony." The BIA also found that "[Ishak's] testimony regarding his arrest and false accusation [was] too implausible and [had] too many unresolved inconsistencies to establish his eligibility for asylum." In light of the findings by the IJ and the BIA, we are unconvinced that Ishak's right to due process was violated.

**3. Antagonistic Cross-Examination by the IJ**

Finally, for essentially the same reasons stated earlier, see supra pp. 18-19, we reject Ishak's contention that his right to due process was violated by the IJ's questioning on cross-examination.

**V.**

**Conclusion**

We **affirm** the district court's dismissal of Ishak's petition for habeas corpus for lack of subject matter jurisdiction. We **deny** the petition for review of the BIA's order denying the motion to reconsider and **deny** the petition for review converted from Ishak's habeas petition.

-23-