**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-1633

ROSA A. CERRATO, et al.,

Petitioners,

v.

ALBERTO R. GONZALES, United States Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF

THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,

Campbell, <u>Senior Circuit Judge</u>

and Howard, <u>Circuit Judge</u>.

<u>Jose A. Espinosa</u> for petitioners.
<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division,
<u>Mark L. Gross</u> and <u>Terri J. Scadron</u>, Attorneys, United States
Department of Justice, on brief for respondent.

February 21, 2006

**Per Curiam**. Rosa Cerrato and her son, Roberto Cerrato, citizens of Guatemala, petition for review of a Board of Immigration Appeals ("BIA") decision denying them withholding of removal and asylum.[1] We deny the petitions.

The underlying facts are essentially undisputed. Rosa Cerrato's uncle, Hugo, was killed in July 1995. The perpetrators were never apprehended and their motive remains unknown. Rosa contends that another uncle's efforts to investigate the death caused approximately five threats to be directed against her family. In response, Rosa left Guatemala for the United States in 1996, leaving Roberto with her mother. Roberto ultimately came to the United States in 2002, fleeing from gangs that had threatened him "a few times," including once at knife point. He asserts that the gangs were after cash sent to him by his mother. Some of the Cerratos' relatives have moved to other parts of Guatemala over the years, but nobody other than Hugo has been harmed.

The BIA concluded that the Cerratos had failed to show that they were persecuted or faced a likelihood of future persecution if returned to Guatemala. The BIA also held that Roberto had failed to show that the harm that he suffered was connected to a protected ground.

---

[1] In the administrative proceedings, petitioners sought asylum, withholding of removal, and protection under the Convention Against Torture. In their petitions, however, Rosa challenges only the denial of withholding of removal, and Roberto challenges only the denial of asylum.

An alien can establish eligibility for consideration for asylum by showing that he has suffered past persecution or that he has a "well-founded" fear of future persecution if returned to his country of origin.  See Romilus  v. Ashcroft, 385 F.3d 1, 6 (1st Cir. 2004).  In either case, the persecution must be based upon one of five protected grounds: race, religion, nationality, political opinion, or membership in a particular social group.  Id.  The bar is higher for withholding of removal, as the alien must show that it is "more likely than not" she will be persecuted on a protected ground if returned to her country of origin.  Id. at 8.  Under either standard, we will uphold the BIA's determination if it is supported by substantial evidence.  Id. at 5.

Rosa argues that she is entitled to withholding of removal because the evidence conclusively demonstrates that she was persecuted on the basis of her family membership and would face death because of her family membership if returned to Guatemala. While a family can constitute a "social group" for purposes of asylum and withholding of removal, see Da Silva v. Ashcroft, 394 F.3d 1, 5 (1st Cir. 2005), Rosa's other contentions fail to persuade.

Rosa herself was never physically injured, arrested, or imprisoned.  Rather, her claim is based upon five threats against her family, as opposed to her personally.  These threats, while surely unsettling, do not amount to "persecution" under our case

law.  See, e.g., Topalli v. Gonzales, 417 F.3d 128, 132-33 (1st Cir. 2005) (sporadic arrests and beatings did not constitute "persecution" within meaning of immigration statutes); Bocova v. Gonzales, 412 F.3d 257, 263-64 (1st Cir. 2005) (similar); Carcamo-Recinos v. Ashcroft, 389 F.3d 253, 257-58 (1st Cir. 2004) (threats did not amount to persecution).  Further, Rosa has supplied the BIA with too few specifics about the nature of the threats and why they were made.  See Romilus, 385 F.3d at 7 (applicant required to provide some evidence of antagonists' motivation).  Finally, Rosa has not established that she would suffer harm upon returning to Guatemala ten years after her original departure.  Along these lines, we note that her family members have lived there without being harmed in the interim.  See Velasquez v. Ashcroft, 342 F.3d 55, 58-59 (1st Cir. 2003).

Roberto argues that the BIA erred in concluding that he failed to establish a link between the harassment complained of and a protected ground.  Roberto contends that he belongs to the "social group" made up of children that receive money from parents working in the United States, and that he was persecuted because of his membership in this group.  But Roberto never made this argument to the BIA.  See Ishak v. Gonzales, 422 F.3d 22, 31 (1st Cir. 2005) (this court has no jurisdiction to consider a claim that was never presented to the BIA).  And in any event, the harassment that

-4-

Roberto experienced does not rise to the level of "persecution." See, e.g., <u>Topalli</u>, 417 F.3d at 132-33.

     The petitions are therefore **<u>denied</u>**.