Samba GADIO, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 04–1198–AG NAC.

United States Court of Appeals,
Second Circuit.

March 31, 2006.

Theodore Vialet, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney for the Southern District Florida, Anne R. Schultz, Chief, Appellate Division, Kathleen M. Salyer, Lisette M. Reid, Assistant United States Attorneys, Miami, Florida, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. ROBERT A. KATZMANN, Circuit Judges.

SUMMARY ORDER

Samba Gadio, though counsel, petitions for review of the BIA order affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ decision where, as here, the BIA summarily adopted or affirmed the IJ decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). We may vacate and remand where we conclude that the IJ has failed to "act fairly in judging credibility and in assessing the sufficiency of the evidence." *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391 (2d Cir.2005). "Nevertheless, we may affirm an adverse credibility finding even when the IJ's reasoning is deficient in certain respects, provided that despite any errors—considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to his decision if we were to remand." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006).

■ Gadio argues that the IJ's reliance on the asylum officer's assessment memorandum was improper because Gadio was unable to cross-examine the officer or verify that the memorandum accurately reflects Gadio's testimony at the interview. However, the IJ did not err in considering this memorandum or in basing the adverse credibility finding, in part, on the completely divergent accounts given in the memorandum and Gadio's testimony of the circumstances surrounding Gadio's purported arrest in September 1998. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396–98 (2d Cir.2005) ("Where, as here, there is no indication that an alien's [prior]

testimony has been coerced, unfairly truncated, or mistranslated in any material way, it is entirely appropriate that a factfinder consider such testimony when making a credibility assessment ..."); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 180–81 (2d Cir.2004) (setting forth standards for assessing reliability of airport interviews and explaining that "[w]here the alien's airport statements and his or her later testimony present materially different accounts of his or her purported persecution ... the inconsistencies may render the alien's testimony incredible."); *see also Ishak v. Gonzales*, 422 F.3d 22, 32–33 (1st Cir.2005) (stating in dicta that reliance on asylum officer's assessment memo is not error where IJ engages in independent evaluation of the record and allows alien to develop his claims in a hearing).

■ Moreover, even assuming *arguendo* that the IJ's consideration of the assessment memorandum was error, the other two credibility factors upon which the IJ relied are sufficient to support the IJ's overall adverse credibility finding. *See Xiao Ji Chen*, 434 F.3d at 162 (explaining that "[i]f the reviewing court undertakes to determine whether, based on the strength of the evidence supporting the error-free findings and the significance of those findings, it is clear that the IJ would adhere to his decision were the petition remanded."). In this case, substantial evidence supports the IJ's conclusion that Gadio was inconsistent regarding the events of May 2000 based on the discrepancies between his testimony and his written application as to where he was arrested and whether he was detained, as well as on his internally inconsistent statements regarding when he was beaten. Nor was the IJ compelled to accept Gadio's explanations for these inconsistencies. *See, e.g., Cao He Lin*, 428 F.3d at 403.

Even assuming that Gadio's petition for review properly raised a claim under the

United Nations Convention Against Torture ("CAT") (adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1998), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16), *see Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005), we would lack jurisdiction to consider it because he failed to exhaust this claim before the BIA. *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).