[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-13130

_____

D. C. Docket No. 04-20405 CV-JLK

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2006
THOMAS K. KAHN
CLERK

CARLOS PRADILLA,

Petitioner-Appellant,

versus

ALBERTO GONZALES,
MICHAEL CHERTOFF,
Secretary, Department of Homeland Security,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 5, 2006)**

Before ANDERSON, FAY and SILER,* Circuit Judges,

---

* Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

PER CURIAM:

The Immigration Judge ("IJ") ordered Carlos Pradilla deported on December 14, 2001. On January 20, 2004, the Board of Immigration Appeals ("BIA") issued its final order of deportation. Pradilla challenged this order in a petition for writ of habeas corpus filed on February 19, 2004. The district court dismissed the habeas petition on March 31, 2005. Pradilla filed his notice of appeal to this court on May 24, 2005. Pradilla filed his appeal shortly after the May 11, 2005 effective date of the REAL ID Act, Pub.L. No. 109-13, 119 Stat. 311 (2005), which amended 8 U.S.C. § 1252 to eliminate aliens' ability to use habeas corpus petitions to challenge their removal orders and to establish the courts of appeals as the sole means of review. 8 U.S.C. § 1252(a)(5). The Act expressly provided that it would apply retroactively to cases in which the final order of removal was issued "before, on, or after" the May 11, 2005, effective date. Pub.L. No. 109-13, § 106(c), 119 Stat. 311 (2005). Section 106(c) of the Act specifically provides that cases pending in district courts at the time of enactment are to be transferred to the courts of appeals for handling as petitions for direct review; the statute is silent about how to handle habeas cases already pending before the courts of appeals.

As noted, the district court issued the final order dismissing the instant case, and closed the case, on March 31, 2005. However, the notice of appeal was not

2

filed until May 24, 2005, shortly after the May 11, 2005, effective date of the Act.

The jurisdiction of the district court over the case was not divested until the May

24 notice of appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58,

103 S. Ct. 400, 401 (1982). Thus, this case was pending in the district court on the

May 11, 2005, effective date of enactment, and falls squarely within the language

of the Act requiring transfer of the case to the court of appeals. Section 106(c) of

Act provides as follows:

> (c) TRANSFER OF CASES.--If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.[1]

§ 106(c). Thus, the instant habeas corpus case, challenging a final order of

---

[1] Section 242(b)(1), codified as 18 U.S.C. §1252(b)(1), requires that petitions for direct review be filed within thirty days of the BIA's decision. As noted, a transformed habeas case is not subject to the thirty day deadline, but rather is to be treated as timely by the court of appeals. See Ishak v. Gonzales, 422 F.3d 22, 29 (1st Cir. 2005). In the instant case, Pradilla's habeas petition was filed within the thirty day period, but under §106(c) would have been treated as timely in any event.

deportation, is transformed into a petition for direct review, reviewable by this court pursuant to 8 U.S.C. § 1252 (a)(5). We decline to require the futile act of remanding to the district court with directions that it enter an order transferring the case to this court.[2]

Turning to the merits of the petition for review, we conclude that the petition is without merit for reasons fully discussed at oral argument. Accordingly, the petition for review is

DENIED.

---

[2] We note that the briefs of the parties in this case assumed that the case was pending in this court at the date of enactment. Although that assumption is incorrect, the case law indicates that the result would be the same in any event. At least five circuits have held that a habeas petition pending before the appeals court is transformed into a petition for direct review. See Gittens v. Menifee, 428 F.3d 382 (2d Cir. 2005); Rosales v. Bureau of Immigration & Customs Enforcement, 426 F.3d 733 (5th Cir. 2005); Ishak v. Gonzales, 422 F.3d 22, 30 (1st Cir. 2005); Alvarez-Barajas v. Gonzales, 418 F.3d 1050 (9th Cir. 2005); Bonhometre v. Gonzales, 414 F.3d 442 (3d Cir. 2005); see also Feldman v. Gonzales, 2005 WL 3113488 (6th Cir. Nov. 21, 2005) (relying on Bonhometre to reach same conclusion without discussing rationale). These courts have reasoned that Congress merely made an oversight when it did not include habeas petitions pending in front of the courts of appeals, and that the clear intent of the legislation was to create one means of challenging orders of removal. Alvarez-Barajas, 418 F.3d at 1053; Bonhometre, 414 F.3d at 446. Although we need not so hold, the reasoning of these circuits appears to be sound.