JIN HE LIN, Petitioner,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

No. 05–3123.

United States Court of Appeals, Second Circuit.

Sept. 18, 2006.

Theodore N. Cox, New York, NY, for Petitioner.

Andrew McNeela, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Lisa G. Johnston, Sean H. Lane, Assistant United States Attorneys, on the brief), New York, NY, for Respondent.

Present: RICHARD J. CARDAMONE, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Jin He Lin petitions for review of the BIA's decision that affirms Immigration Judge ("IJ") Sandy Hom's denial of his applications for asylum and withholding of deportation. *In re Jin He Lin,* No. A 73 164 833 (B.I.A. Jan. 29, 2003), *aff'g,* No. A 73 164 833 (Immig. Ct. N.Y. City Jan. 15,

**68**

1998). We presume the parties' familiarity with the underlying facts and procedural history of the case.

At the outset, we note that petitioner's counsel, Theodore N. Cox, filed the habeas petition here[1] only after this Court's dismissal of Lin's original petition for review because of Cox's failure to file petitioner's brief. This type of procedural end-run is distasteful and reflects poorly on petitioner's counsel. Nevertheless, our precedent indicates that prior to the enactment of the REAL ID Act, the failure to perfect an appeal on direct review did not bar a subsequent collateral attack.[2] *See, e.g., Luya Liu v. I.N.S.,* 293 F.3d 36 (2d Cir.2002) (failure to make timely petition for review of BIA order of removal did not preclude court from reaching the merits of subsequent habeas petition). We decline to decide here whether a judicial exhaustion requirement will or will not be imposed on habeas petitions transferred pursuant to the REAL ID Act.

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004); 8 U.S.C. § 1252(b)(4)(B). Substantial evidence supports the IJ's determination in this case.

The IJ found that Lin's demeanor during testimony was not indicative of a credible witness. We afford particular deference to an IJ's assessment of demeanor because the IJ is in the best position to evaluate whether problems in an applicant's testimony are attributable to lack of credibility or other, more innocent factors. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004).

The IJ also found that petitioner's credibility was undermined by two key material inconsistencies in his testimony. First, although Lin did not need to list every incident of past persecution in his application, *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), he did not actually list a single one in his application and only described a threat of future persecution. It was thus proper for the IJ to conclude that Lin's statements at the hearing about the forced sterilization of his wife were materially inconsistent with this initial application. Second, the IJ found petitioner's testimony inconsistent as to the date on which he first saw his wife's sterilization certificate; Lin initially claimed the date to be May 5, 1993, but recanted after realizing that the procedure took place on May 15, 1993. Because the IJ need not credit Lin's explanations for either of these inconsistencies, *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–60 n. 13 (2d

---

1. By operation of the REAL ID Act of 2005, Pub.L. 109–13, 119 Stat. 231 (the "REAL ID Act"), Lin's habeas petition was transferred to this Court and converted into the petition for review that is now before us, *see Marquez–Almanzar v. INS,* 418 F.3d 210, 212 (2d Cir. 2005).

2. We note that the provisions of the Real ID Act would appear to preclude in the future the procedural end-run made here since it eliminated habeas review of orders of remov-

al. *See, e.g., Marquez–Almanzar,* 418 F.3d 210, 212 (2d Cir.2005) ("The REAL ID Act eliminates habeas corpus review of orders of removal."); *Ishak v. Gonzales,* 422 F.3d 22, 29 (1st Cir.2005) ("The plain language of these amendments, in effect, strips the district court of habeas jurisdiction over final orders of removal."). Because the Act exempted those habeas petitions pending before the district courts on May 11, 2005, Lin's petition, filed on May 11, 2005, was spared.

Cir.2006), she made a proper finding of adverse credibility on these grounds.

█ The IJ also found Lin's statement that he had submitted only one notarial birth certificate to the BIA inconsistent with the fact that two such certificates were in fact submitted. Because the information contained in these certificates established Lin's very identity—a burden which the asylum applicant carries, *see* 8 C.F.R. § 208.13; 8 U.S.C. § 1101(a)(42)— the IJ reasonably found that the discrepancy went to the heart of Lin's asylum claim and undermined his credibility. *Cf. Diallo v. I.N.S.*, 232 F.3d 279, 288 (2d Cir.2000) (noting that certain inconsistencies with plaintiffs' background story, including his birthplace, "give us pause," and were not ancillary to asylum claim).

Because the only evidence of a threat to Lin's life or freedom depended upon his credibility, the adverse credibility determination in this case precludes success on the claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006). Although Lin raised a claim for CAT relief in his habeas petition before the district court, he did not raise it in his brief to this court, and therefore waives it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The stay of removal which the district court previously granted in this petition is VACATED.