**Joseph Mahrous GEMAYEL,**
**Petitioner,**

v.

**Andrea J. CABRAL, Sheriff,**
**Respondent.**

**Civil Action No. 07–10112–WGY.**

United States District Court,
D. Massachusetts.

Jan. 26, 2007.

---

**27.** *See* 64 Am.Jur.2d *Enforcement of Equitable Obligations* § 247.

**28.** *Id.*

**29.** *See* 31 C.F.R. 315.20(a) (2006).

Frank Crowley, Immigration and Customs, Enforcement, Dept. of Homeland Secur., Boston, MA, for Respondent.

## ORDER

YOUNG, District Judge.

Claiming to be the first cousin of Pierre Gemayel, the Lebanese Minister of Industry assassinated in November 2006, Joseph Mahrous Gemayel ("Gemayel") brings this action pursuant to 28 U.S.C. § 2241 alleging that he is being unlawfully detained and that his pending deportation from the United States violates his constitutional rights.

This Court has jurisdiction over the first of these claims, but the issue is without merit as Gemayel is about to be freed from detention via deportation to Lebanon on January 30, 2007. As to the second, it is almost certain that this Court is without subject matter jurisdiction. *See* 8 U.S.C. § 1252(a)(5).

In recent years, Congress has severely restricted the writ of habeas corpus with the enactment of the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104–132, 110 Stat. 1214 (1996), and the Illegal Immigration Reform and Immigration Responsibility Act, Pub.L. No. 104–208, 110 Stat. 3009 (1996). Indeed, in the Military Commissions Act, Pub.L. No. 109–366, 120 Stat. 2600 (2006), it may well have sought actually to suspend the writ as to a certain class of petitioners due to "invasion."

The REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231 (2005), is among this legislative genre. Without any reference to invasion, it purports to strip the courts of habeas jurisdiction as to certain deportable aliens in order to "streamline" deportations. *See Ishak v. Gonzales,* 422 F.3d 22, 28 (1st Cir.2005). In order for this "court stripping" to be constitutional, Congress necessarily must provide "a new collateral remedy which is both adequate and effective." *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977). In *Enwonwu v. Gonzales,* 438 F.3d 22, 33–34 (1st Cir.2006), the First Circuit noted but declined to address, as not presented by the facts, the issue of whether a thirty day time limit on filing a petition to review a removal order constituted a constitutionally permissible alternative to habeas corpus.

The present case may or may not present this issue. The caveat is necessary because, while Gemayel notes that he missed the thirty day appeal window, he makes no complaint about the sufficiency of the alternative remedy. Perhaps he did not intend to. Nevertheless, in view of the high personal stake alleged here—Gemayel claims he will be the victim of political murder by Hezbollah if deported to Lebanon—and the indulgence this Court owes to a petition prepared *pro se, see, e.g. Voravongsa v. Wall,* 349 F.3d 1, 8 (1st Cir.2003), a limited further inquiry is in order.

Accordingly, it is ORDERED that within seven days of the date hereof, Gemayel shall exercise one of three options:

1. Withdraw this petition and submit to deportation; or

2. Amend this petition to state with particularity why, either with respect to him or generally, the REAL ID Act fails to provide him with an "adequate and effective" alternative remedy due to the thirty day appeal window. Should Gemayel elect this alternative, he and the govern-

ment shall have 30 days from the date of such election to brief the constitutional issue. The Court will decide the matter within seven days from the date of the submission of such briefs. The stay of deportation shall remain in effect during this period and, in the interim, the government may continue to hold Gemayel in detention. Should the government prevail, the stay will be lifted and Gemayel may be deported forthwith; or

3. Request of this Court to transfer this entire action to the First Circuit for adjudication. In such a case, the stay of deportation would remain in effect until either modified or vacated by the First Circuit.

Finally, if Gemayel takes no action within seven days of the date hereof, the stay of deportation shall be vacated and this case shall be dismissed.

I would not want it thought that this Court is simply clinging to jurisdiction that Congress has stripped away or reaching for some evanescent constitutional issue. Gemayel must understand that the acts of Congress enjoy a strong presumption of constitutionality. To challenge the constitutionality of the REAL ID Act in this particular is a formidable undertaking and this Court neither encourages it nor expresses an opinion thereon. The government, which has made the extensive logistical arrangements to fly Gemayel to Lebanon, may view this proceeding with some justification as an attempted "end run" around the unmistakable commands of the REAL ID Act. Nevertheless, an additional 44 days of detention in the United States is not an exorbitant price to pay fairly to determine an as yet undecided constitutional question.

SO ORDERED.