# United States Court of Appeals
## For the First Circuit

No. 05-1886

DOMINGOS JOAO LIBERAL DE ARAUJO,

Petitioner,

v.

ALBERTO R. GONZÁLES,
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella and Lipez, <u>Circuit Judges</u>,
and Stafford,[*] <u>Senior District Judge</u>.

<u>William E. Graves, Jr.</u>, with whom <u>Kerry E. Doyle</u> and <u>Graves & Doyle</u>, on brief for petitioner.
<u>Jeffrey M. Cohen</u>, Assistant United States Attorney, with whom <u>Michael J. Sullivan</u>, United States Attorney, on brief for respondent.

August 11, 2006

---

[*] Of the Northern District of Florida, sitting by designation.

**TORRUELLA, Circuit Judge.** Petitioner Domingos Joao Liberal De Araujo ("De Araujo") asks us to review a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen proceedings and finding that he did not qualify for discretionary relief. De Araujo claims that the BIA denied him due process by pre-judging his application for relief under former section 212(c) of the Immigration and Nationality Act ("INA") and by refusing to reopen his immigration proceedings to allow him an opportunity to present evidence in support of his application for former section 212(c) relief. De Araujo also argues that he has not been convicted of an aggravated felony because he has not committed a crime of violence. We affirm the BIA's dismissal of De Araujo's appeal of the aggravated felony issue for his failure to file a brief with the BIA. Because we find that De Araujo's due process rights were not violated and the BIA acted properly within its discretion on his motion to reopen, we dismiss his remaining claims for lack of jurisdiction.

**I.**

**A. De Araujo's removal proceedings**

De Araujo is a native and citizen of Portugal who was lawfully admitted to the United States on September 4, 1973. He was six years old at the time. On January 6, 1992, De Araujo was convicted in Massachusetts state court of assault and battery with

a dangerous weapon and was sentenced to a two-and-a-half-year term of imprisonment. See Mass. Gen. Laws ch. 265, § 15.

On April 6, 2000, the Immigration and Naturalization Service ("INS")[1] issued De Araujo a Notice to Appear, charging him with removability pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for being an alien convicted of an aggravated felony.[2]

De Araujo failed to appear at his scheduled hearing before an Immigration Judge ("IJ") on January 4, 2001 and was subsequently ordered removed in absentia. However, on April 1, 2001, De Araujo's Massachusetts assault and battery charge was vacated. He then moved to reopen proceedings on April 2, and the IJ granted the motion on July 6.

---

[1]  In March 2003, the relevant functions of the INS were transferred into the new Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement ("BICE"). For simplicity, we refer to the agency throughout this opinion as the INS.

[2]  Under its definition of an "aggravated felony," the INA includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(F). In turn, 18 U.S.C. § 16 defines a "crime of violence" as--

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

On October 3, 2001, the INS amended the original charging document to include two additional charges of removability. The first additional charge alleged that De Araujo was removable on account of a November 7, 1995 Connecticut state conviction for assault on a Department of Corrections employee for which he received an eighteen-month sentence of imprisonment. The INS charged De Araujo with removability for the Connecticut assault under INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii), for being an alien convicted of an aggravated felony.

The second additional charge alleged that De Araujo was removable because of a January 27, 2000 Massachusetts state conviction for illegal possession of a controlled substance. It appears that De Araujo was convicted on the same day for three different drug charges which had occurred on different days. Removability for the Massachusetts controlled substance violations was charged under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).[3]

---

[3] The INS's amendment appears to mis-cite the relevant INA provisions. The INS charged that De Araujo was subject to removal under INA § 237(a)(2)(A)(ii) for having been convicted of an aggravated felony. The appropriate statute for an aggravated felony, however, is INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). The INS further charged that De Araujo was subject to removal under INA § 237(a)(2)(A)(iii) for having been convicted of a controlled substance offense, but the appropriate statute for a controlled substance offense is INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).

At a hearing before the IJ, De Araujo argued that he was eligible for cancellation of removal under 8 U.S.C. § 1229b and for relief under former section 212(c) of the INA, 8 U.S.C. § 1182(c)[4] (repealed 1996). The IJ found that De Araujo's Connecticut conviction for assault on a Department of Corrections employee constituted a "crime of violence" pursuant to 18 U.S.C. § 16(b) and therefore qualified as an "aggravated felony" under 8 U.S.C. § 1101 (a)(43)(F), which rendered him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a)(3).[5] In addition, the IJ found

---

[4] Under former section 212(c) of the INA, "aliens lawfully admitted for permanent residence who temporarily proceed abroad voluntarily and not under an order of deportation, and who are returning to lawful unrelinquished domicile of 7 consecutive years, may be admitted at the discretion of the Attorney General without regard to certain specified grounds for exclusion." In re Edwards, 20 I. & N. Dec. 191, 194 (BIA 1990). Section 212(c) has been interpreted to allow discretionary relief for lawful permanent residents who have not proceeded abroad subsequent to the acts which rendered them deportable. In re Silva, 16 I. & N. Dec. 26, 30 (BIA 1976). The exercise of discretion requires a balancing of positive and negative factors in the alien's case to determine whether relief is warranted. In re Edwards, 20 I. & N. at 195.

De Araujo argued that since his 1995 conviction predated the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546, which repealed § 212(c), he remained eligible for relief under former § 212(c). See INS v. St. Cyr, 533 U.S. 289, 326 (2001) (holding that the repeal of section 212(c) did not apply retroactively to an alien who had pled guilty to an aggravated felony prior to the repeal). Unlike 8 U.S.C. § 1229b, see infra note 5, former section 212 did not contain the condition that a permanent resident seeking relief would be statutorily ineligible if the alien was convicted of an aggravated felony.

[5] Under 8 U.S.C. § 1229b(a), the Attorney General may cancel removal for certain permanent residents found to be inadmissible or deportable from the United States if the alien–

-5-

that De Araujo's multiple Massachusetts drug convictions rendered him ineligible for relief under former section 212(c) because the drug convictions occurred after the passage of IIRIRA and repeal of section 212(c).  The IJ ordered De Araujo removed to Portugal on February 13, 2002.  The IJ noted that De Araujo had a motion pending to vacate his Massachusetts drug convictions and that, if his motion was granted, he would become eligible for relief from removal under former section 212(c).

## B.  De Araujo's appeal and motions to reopen proceedings with the BIA

De Araujo filed a timely notice of appeal with the BIA and on May 8, 2002 requested an extension of time to file his appellate brief.  The BIA granted De Araujo's motion and set a deadline of June 21.  According to De Araujo, his counsel sent the brief via Federal Express on June 20.  However, the brief did not reach the BIA until June 24, and the BIA rejected the brief as untimely.[6]  On July 8, De Araujo filed a motion to accept the late-filed brief; however, that same day, the BIA dismissed the appeal for failure to file a brief.  De Araujo did not appeal the

---

(1) has been an alien lawfully admitted for permanent residence for not less than 5 years,
(2) has resided in the United States continuously for 7 years after having been admitted in any status, and
(3) has not been convicted of any aggravated felony.

[6]  Apparently, the wrong zip code had been provided for the BIA's address, although counsel for De Araujo maintains that the correct zip code was given to Federal Express.

dismissal to this Court but instead filed a motion to reconsider the dismissal with the BIA on July 26. The BIA denied De Araujo's motion on December 23. On January 23, 2003, De Araujo filed a motion to reopen his immigration proceedings with the BIA. The BIA denied this motion on March 7, stating that this motion was "in essence" a second motion to reconsider and therefore exceeded the numerical limits on motions to reconsider set forth in 8 C.F.R. § 1003.2(b)(2).[7]

On or about November 17, 2003, De Araujo filed a motion in Massachusetts state court to vacate his controlled substance convictions. De Araujo submitted a short affidavit in support of his motion to vacate, which indicated that he had been unable to understand the nature and effect of his pleas of guilty because of his problems with drug addiction.[8]

On November 19, a Massachusetts state court vacated De Araujo's drug convictions. The following day, De Araujo filed a request with the BIA to reopen proceedings sua sponte based on changed circumstances in his case. De Araujo argued that he should

---

[7] Only one motion to reconsider with the BIA is allotted to each alien under 8 C.F.R. § 1003.2(b)(2).

[8] De Araujo's affidavit consisted of three sentences, stating

I am presently serving time for violation of my probation. I entered guilty pleas in cases in 1999, and 1998 while I was addicted to both heroin and cocaine. I was so addicted that when I entered my pleas of guilty, that the only thing I remember was that I was not going to jail.

-7-

now be entitled to relief under former section 212(c) because his drug convictions had been vacated. De Araujo acknowledged that, under In re Pickering, 23 I. & N. Dec. 621 (BIA 2003), convictions vacated solely to avoid immigration consequences remain convictions for INA purposes. He also conceded that the state record was unclear as to the factual reasons for the state court's decision to vacate but argued that his affidavit regarding his addiction suggested that his pleas were not made knowingly or intelligently, and that the convictions were vacated in response to this affidavit. De Araujo requested the BIA to invoke its discretionary authority to reopen the case because of his "clear eligibility for a 212(c) hearing."

On March 22, 2004, the BIA denied the request to reopen proceedings sua sponte. The BIA found De Araujo's affidavit in support of his motion to vacate the Massachusetts convictions to be "extremely limited in nature" and stated that it would "need more information before [it] [found] that [the] reason for vacating" was sufficiently unrelated to the immigration consequences of his conviction. The BIA further found that De Araujo was "undeserving of a section 212(c) waiver in the exercise of discretion," indicating that even if it were to reopen De Araujo's case, it would not grant his request for relief. It noted that De Araujo had previously been convicted of four criminal offenses and, while three of these had been vacated, none had been vacated because De

-8-

Araujo was not guilty of the crimes committed. The BIA also noted that, at the time he filed his request to the BIA to reopen proceedings sua sponte, De Araujo was incarcerated for parole violations. The BIA concluded that De Araujo's "criminal actions, and apparent inability to comply with the terms of his probation do not support the reopening of proceedings to apply for discretionary relief which we do not believe he merits in the exercise of our discretion."

## C. De Araujo's petition for review

De Araujo filed a timely petition for review with this Court, claiming (1) that the 1995 Connecticut conviction for assault against a Department of Corrections employee did not constitute an aggravated felony, and (2) that the BIA abused its discretion in failing to reopen his removal proceedings and, in doing so, violated his constitutional right to due process. De Araujo v. Ashcroft, 399 F.3d 84, 88-89 (1st Cir. 2005) ("De Araujo I"). On February 23, 2005, we dismissed the petition for lack of jurisdiction over either claim. Id. at 89. With regard to the first argument, we found that "[w]hether [De Araujo's] 1995 conviction . . . did or did not amount to an aggravated felony is not an issue now open for review" because that order became final on July 8, 2002, and De Araujo did not appeal that order to this court within 30 days as required by 8 U.S.C. § 1252(b)(1). Id. at 88-89. We described the 30-day filing deadline as a "strict

jurisdictional bar," which precluded us from considering his first argument. Id. at 89. Regarding the second argument, we found that we lacked jurisdiction to reach De Araujo's other claims on direct review because he remained removable as an aggravated felon. Id. at 89 (citing INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C)); Emile v. INS, 244 F.3d 183, 189 (1st Cir. 2001) ("Because [defendant] was convicted of an aggravated felony, we have no authority to consider on direct review any other claim once we conclude that he was legitimately so classified."); Sousa v. INS, 226 F.3d 28, 34 (1st Cir. 2000) ("[H]aving determined that [the petitioner] is removable as an aggravated felon, our authority to act in this case with respect to the removal proceeding, including incidental rulings on discretionary relief, is at an end.").

## D. De Araujo's petition for a writ of habeas corpus and transfer

On May 10, 2005, De Araujo filed a habeas petition in the United States District Court for the District of Massachusetts.[9] However, the passage of the REAL ID Act, § 106, Pub. L. No. 109-13, 119 Stat. 231, 311 (2005), stripped the district court of habeas jurisdiction. The district court therefore transferred the case

---

[9] Apparently, De Araujo filed yet another motion to reopen with the BIA on August 30, 2005. He based this motion on 8 C.F.R. § 1003.44, which allows eligible aliens to file a special motion seeking relief under former section 212(c) if the alien pled guilty to certain crimes before April 1, 1997. The BIA denied this motion pursuant to 8 C.F.R. § 1003.44(d), which states that aliens previously denied section 212(c) relief by an IJ or the BIA on discretionary grounds are not eligible for special reopening. De Araujo has not appealed this denial.

-10-

back to this Court, where we are to treat De Araujo's claims as ones for direct review.  See REAL ID Act, § 106(c).

## II.

### A.  Jurisdiction over De Araujo's claims under the REAL ID Act

Under the REAL ID Act, a habeas petition to a district court is transferred to a court of appeals "as if it had been filed pursuant to a petition for review."  REAL ID Act § 106(c); Ishak v. Gonzáles, 422 F.3d 22, 27 (1st Cir. 2005).  In this appeal, De Araujo renews his claim that his Connecticut conviction is not an aggravated felony and that is therefore not removable.  De Araujo also contends that the BIA denied him due process by pre-judging his waiver and refusing to reopen his immigration proceedings to allow him an opportunity to present evidence in support of his application for relief under former section 212(c).

#### 1.  The aggravated felony

De Araujo's claims mirror those he previously made before this Court in De Araujo I.  In that case, we held that the IJ's February 12, 2002 ruling that the 1995 Connecticut conviction constituted an aggravated felony, which rendered De Araujo subject to removal, became final on July 8, 2002 when the BIA dismissed his appeal of the IJ's order.  De Araujo I, 399 F.3d at 88.  See 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of

-11-

Immigration Appeals").  We noted the "strict jurisdictional requirement" that, pursuant to 8 U.S.C. § 1252(b)(1), all petitions for review addressed to this Court from BIA orders must be filed not later than 30 days after the date of the final order of removal and dismissed the claim as time-barred.  De Araujo I, 399 F.3d at 88 (quoting Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003)) (internal citations and quotation marks omitted).  However, under the REAL ID Act, habeas petitions transferred to the court of appeals are not subject to the 30-day time limit.  See REAL ID Act § 106(c) ("The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242 [8 U.S.C. § 1252], except that subsection (b)(1) of such section shall not apply."); see also Ishak, 422 F.3d at 27.  Thus the "strict jurisdictional requirement" does not apply here.

Moreover, De Araujo properly exhausted his administrative remedies, giving us jurisdiction over his appeal.  It is well-settled law that a court of appeals may not review an order of deportation or exclusion unless "the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  This exhaustion requirement generally means that the BIA must first review an IJ's determination of deportability before a petitioner may present his appeal to us.  Bernal-Vallejo v. INS, 195 F.3d 56, 64 (1st Cir. 1999) ("Usually issues not raised before the BIA may not be raised for the first

time on a petition for review.") (citing Ravindran v. INS, 976 F.2d 754, 761 (1st Cir. 1992)) (citation omitted). Here, De Araujo filed a Notice of Appeal with the BIA and also stated that he would file a timely brief, but failed to do so. The BIA therefore dismissed the appeal. See 8 C.F.R. § 1003.1(d)(2)(i)(E). The BIA also denied De Araujo's subsequent motion to reconsider the dismissal of his appeal. It therefore never reviewed De Araujo's argument regarding the aggravated felony. We were presented with a similar situation in Athehortua-Vanegas v. INS, 876 F.2d 238 (1st Cir. 1989). In Athehortua, the BIA summarily dismissed an appeal where the petitioner filed a timely Notice of Appeal followed by an untimely brief. We held that the petitioner had exhausted his administrative remedies. Id. at 240 ("Petitioner did not overlook the Board, or ignore it, or attempt to appeal directly to the courts from the IJ's order. . . . [He] went to the BIA, albeit unsuccessfully. He thereby exhausted the remedy."). Here, we similarly find that De Araujo has exhausted his administrative remedies.

The foregoing considerations notwithstanding, however, we will not address the merits of De Araujo's argument. As discussed above, the BIA summarily dismissed De Araujo's appeal for failure to file a brief. In his current appeal, De Araujo does not address this decision but instead goes straight to the merits of his aggravated felony argument. De Araujo's only hint at a challenge

-13-

to the summary dismissal occurs in the last paragraph of his brief where he states that we have jurisdiction to review his claim because he raised the aggravated felony issue in his "detailed notice of appeal." He does not argue that raising an issue in his Notice of Appeal could be enough to withstand a summary dismissal for failure to file a brief, nor does he ever actually claim that the BIA erred in dismissing his appeal for failure to file a brief. We have repeatedly held that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."); see also Stoll v. Principi, 449 F.3d 263, 267 (1st Cir. 2006) (holding that where a petitioner has not proffered an argument along certain lines, any such claim has been abandoned). De Araujo's conclusory statements, without further development, do not rise to the level of a cognizable appellate argument. Inasmuch as our review is limited to the BIA's final order (here, summary dismissal under 8 C.F.R. 1003.1(d)(2)(i)(E)), De Araujo has not adequately challenged the summary dismissal to preserve the issue, and we go no further.

## 2. Relief under former section 212(c)

De Araujo also contended in De Araujo I that the BIA deprived him of his constitutional right to due process by refusing to reopen proceedings because he was not granted a fair opportunity to establish his eligibility for relief from removal under former section 212(c) or to present his case to an IJ. Id. We determined that because we lacked jurisdiction to review De Araujo's claim that his assault conviction was not an aggravated felony, "he remains removable on that ground, and we lack jurisdiction to reach his other claims on direct review." Id. (citing INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C)). Therefore, under pre-REAL ID Act law, we did not entertain De Araujo's other claims, which he could instead have presented as a habeas petition in the district court. However, the REAL ID Act made the courts of appeals the sole arbiters of final orders of removal or exclusion for both criminal and non-criminal aliens. See 8 U.S.C. § 1252(b)(2), amended by REAL ID Act § 106, Pub. L. No. 109-13, 119 Stat. at 310-11; Ishak, 422 F.3d at 28.

Although relief from removal under former section 212(c) is a form of discretionary relief over which we generally have no appellate jurisdiction, the REAL ID Act carved out a narrow exception to permit the courts of appeals to consider "constitutional claims" or "questions of law" notwithstanding most

-15-

other jurisdictional bars of the INA.[10]  See Pub. L. No. 109-13, § 106(a)(1)(A)(iii), 119 Stat. 310 (codified at 8 U.S.C. § 1252 (a)(2)(D)); Elysee v. Gonzáles, 437 F.3d 221, 223 (1st Cir. 2006) (citing Mehilli v. Gonzáles, 433 F.3d 86, 92 (1st Cir. 2005)). "Under the terms of this limited jurisdictional grant, discretionary or factual determinations continue to fall outside the jurisdiction of the courts of appeals, and BIA findings as to timeliness and changed circumstances are usually factual determinations." Mehilli, 433 F.3d at 93 (internal citations and quotation marks omitted). A constitutional claim "would at least have to be colorable" before a court will exercise jurisdiction to review such a claim or question. Id. at 93-94. In other words, a "petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an . . . argument in constitutional garb . . . . To be colorable in this context . . . the claim must have some possible validity." Id. (quoting Torres Aquilar v. INS, 246

---

[10]  Under 8 U.S.C. § 1252(a)(2)(B)(i), "except as provided in subparagraph (D) . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of [discretionary] relief to removable aliens under section 212(h), 212(i), 240A, 240 B, or 245 [8 U.S.C.S. §§ 1182(h), 1182(i), 1229b, 1229c, or 1255].

Subparagraph (D) was added by the REAL ID Act to read:

Nothing in subparagraph (B) or (C), or in any other provision of [the Immigration and Nationality Act](other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

F.3d 1267, 1271 (9th Cir. 2001)). Therefore, we review De Araujo's due process claims to determine whether they are indeed colorable constitutional issues.

## B. Analysis of De Araujo's due process claims

To state a due process claim, an alien must possess a liberty or property interest. Board of Regents v. Roth, 408 U.S. 564, 569-71 (1972). The Supreme Court has long held that a permanent resident alien is protected under the Fifth Amendment and entitled to due process in the form of notice of the charges against him and a deportation hearing. Kwong Hai Chew v. Colding, 344 U.S. 590, 596-98 (1953); Choeum v. INS, 129 F.2d 29, 38-40 (1st Cir. 1997) ("It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings. At the core of these due process rights is the right to notice of the nature of the charges and a meaningful opportunity to be heard."). However, an alien does not have a constitutionally protected interest in receiving discretionary relief from removal or deportation. United States v. López-Ortiz, 313 F.3d 225, 231 (5th Cir. 2002). The Attorney General's suspension of deportation is "an act of grace, which is accorded pursuant to his [or her] unfettered discretion." INS v. Yueh-Shaio Yang, 519 U.S. 26, 30 (1996) (internal citations and quotations omitted). Further, a constitutionally protected interest in receiving relief cannot arise from relief that the Attorney General has unfettered

-17-

discretion to award.  See Fernández Pereira v. Gonzáles, 417 F.3d 38, 46 (1st Cir. 2005) ("Congress is not required to provide aggravated felons with an avenue for discretionary relief from deportation, and currently does not do so.").

Moreover, while an alien may raise as a constitutional or legal claim arising from "the refusal of [an] agency to even consider him" for discretionary relief, "he may not challenge the agency's decision to exercise or not exercise its discretion to grant relief." Saint Fort v. Ashcroft, 329 F.3d 191, 203 (1st Cir. 2003) (citing Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002)); Arevalo v. Ashcroft, 344 F.3d 1, 15 (1st Cir. 2003) ("A right to seek relief is analytically separate and distinct from a right to the relief itself.").

Here, the BIA clearly considered De Araujo for discretionary relief.  The BIA received and read De Araujo's request to reopen proceedings sua sponte, and after considering the merits of De Araujo's motion, the BIA found that it did not support the reopening of proceedings in the exercise of the BIA's discretion.  The BIA based its decision that De Araujo was "undeserving of a section 212(c) waiver in the exercise of discretion" on his four criminal convictions and "apparent inability to comply with the terms of his probation."  In addition, the BIA considered but did not find sufficient evidence from De Araujo's "extremely limited" affidavit that his convictions were

not vacated simply to avoid immigration consequences, which would render him ineligible to be considered for former section 212(c) relief. 8 C.F.R. 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by . . . all supporting documentation."); see also In re Pickering, 23 I. & N. Dec. at 625. On these facts, De Araujo raises no colorable constitutional claim of a due process violation.

Nor has De Araujo raised a question of law for our review. We lack jurisdiction to review the BIA's discretionary denial of section 212(c) relief in this case. See 8 U.S.C. § 1252 (a)(2)(B); see also Elysee, 427 F.3d at 244 (holding that attacks on the balancing of factors engaged in by the IJ before deciding not to grant discretionary relief were not constitutional claims or questions of law). Furthermore, "the decision of the BIA whether to invoke its sua sponte authority is committed to its unfettered discretion." Prado v. Reno, 198 F.3d 286, 292 (1st Cir. 1999). Thus, "it is at least arguable that our review of this challenge would in all events be barred because we lack authority to review issues committed to the agency's unfettered discretion." Roberts v. Gonzáles, 422 F.3d 33, 37 n.2 (1st Cir. 2005) (citing Heckler v. Chaney, 470 U.S. 821, 821 (1985)). In any case, we find that we are precluded from reviewing De Araujo's claims.

### III.

We affirm the summary dismissal of De Araujo's appeal by the BIA, and dismiss his remaining claims for lack of jurisdiction.

**Dismissed**.