**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 22, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MUHAMMED ASIF HAFEEZ,

Petitioner,

v.

ALBERTO R. GONZALES, United
States Attorney General,

Respondent.

No. 06-9531
(No. A95-554-823)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Muhammed Asif Hafeez, a native of Pakistan who has lived in this country
for fifteen years, seeks review of a removal order and the subsequent denial of a
motion to reopen the removal proceeding. He did not file a separate petition for
review from the latter decision, however, so we lack jurisdiction to consider it.
*Youkhana v. Gonzales*, 460 F.3d 927, 933-34 (7th Cir. 2006); *see Bauge v. INS*,

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

7 F.3d 1540, 1541 (10th Cir. 1993) (holding Board of Immigration Appeal's (BIA's) denial of motion for reconsideration "is not before this court because no new petition for review was filed," although petition for review had been filed following underlying deportation order).  We affirm the removal order for the reasons explained below.

### Factual Background and Procedural History

The basic historical facts are not in dispute.  Petitioner entered the United States on a nonimmigrant student visa in 1992.  He was quickly out of compliance with the visa, and has since remained in the country.  He married a U.S. citizen in 2000, but the marriage ended in divorce in 2001.  In 2003, the Department of Homeland Security issued petitioner a notice to appear, charging removability under 8 U.S.C. § 1227(a)(1)(C)(i), for failure to maintain or comply with the conditions of his visa.

Petitioner conceded the charge under § 1227(a)(1)(C)(i), but sought relief from removal.  Citing abuse allegedly suffered during his marriage, which was the basis for a Self-Petition for Abused Spouse (Form I-360), he applied for cancellation of removal and adjustment of status under 8 U.S.C. § 1229b(b)(2) and § 1255.  The government responded by lodging an additional charge that he had made a false claim of citizenship while seeking employment.  This second charge supplied an alternative basis for removal under 8 U.S.C. § 1227(a)(3)(D), but its real significance lay in its consequences for petitioner's applications for

relief from removal. The government asserts, without dispute, that having made a false claim of citizenship would render petitioner inadmissible and thus ineligible for adjustment of status under § 1255, and would negate good moral character and thus preclude cancellation of removal under § 1229b(b)(2).

The case came on for hearing before an immigration judge (IJ). Petitioner conceded removability for the visa violation under § 1227(a)(1)(C)(i), so, as the IJ made clear, "the issue . . . was to consider whether [petitioner] is eligible for any of the various forms of relief [from removal] for which he has applied." Admin. R. at 87. The government showed that in 2002, petitioner completed an I-9 employment form and checked the box signifying that he was a "citizen or national" of the United States. Petitioner testified that he had thought at the time that he was a U.S. national and had not intended to represent that he was a U.S. citizen. The IJ did not believe this explanation, noted that checking the "citizen or national" box was the only way an alien could fill out the form without having to supply "identifying numbers that could be checked," and concluded that petitioner "did what so many have done which is check the box indicating citizen or national and then provide a social security card or number together with a driver's licence as evidence that he was a citizen of the United States." *Id.* at 90. Accordingly, the IJ found that petitioner had made a false claim of citizenship, precluding the requested relief from removal.

**Burden of Proof, Removability versus Relief from Removal, and Interplay between BIA Order and IJ Decision**

Much of the parties' briefing concerns the burden of proof. Petitioner insists that the government has the burden of proving, by clear and convincing evidence, that an alien *is removable* for making a false claim of citizenship. That is correct. *See* 8 U.S.C. § 1229a(c)(3)(A). The government insists that a removable alien bears the burden of proving, by a preponderance, that he has not rendered himself *ineligible for relief from removal* by making such a claim. That is also correct. *See id.* § 1229a(c)(4)(A)(i). The critical point is where in the analysis the false claim of citizenship became material: insofar as it was the basis for removal, the burden lay with the government; insofar as it was the basis for denying relief from removal justified on other grounds, the burden lay with the petitioner. As it happens, there is some inconsistency between the IJ's decision and the BIA's affirmance of that decision on precisely this point.

As described above, the IJ considered the false claim of citizenship solely in connection with petitioner's applications for relief from removal (removability itself being conceded on other grounds). Although the BIA expressly "adopt[ed] and affirm[ed] the thorough decision of the Immigration Judge," Admin. R. at 35, it summarized the IJ's ruling on removability as "finding that [the government] has shown by clear and convincing evidence that [petitioner] is subject to removal under section 237(a)(3)(D) of the Act [i.e., for making a false claim of citizenship

-4-

in violation of § 1227(a)(3)(D)]," *id.* The BIA thus purported to affirm a finding on removability that the IJ did not make under a burden of proof that the IJ did not apply. As for relief from removal, the BIA correctly noted that petitioner had the burden of proving eligibility and "concur[red] with the Immigration Judge, for the reasons he states, that [petitioner] has not shown he warrants the requested relief" due to his false claim of citizenship on the I-9 form. *Id.* at 36.[1]

We have in several recent removal cases addressed the interplay between BIA orders and IJ decisions they affirm. *Sarr v. Gonzales*, 474 F.3d 783, 789-91 (10th Cir. 2007) (summarizing *Uanreroro v. Gonzales*, 443 F.3d 1197 (10th Cir. 2006), and *Cruz-Funez v. Gonzales*, 406 F.3d 1187 (10th Cir. 2005)). Basically, the BIA has three options: affirmance by a three-member panel of the BIA in a full explanatory opinion, 8 C.F.R. § 1003.1(e)(6); summary affirmance by a single BIA member without any opinion, *id.* § 1003.1(e)(4); and affirmance by a single member in a brief explanatory order, *id.* § 1003.1(e)(5). *See Sarr*, 474 F.3d at 789. When, as here, the third "middle ground" approach is used, the BIA's order "constitutes the final order of removal under 8 U.S.C. § 1252(a), and thus the Court will not affirm on grounds raised in the IJ decision unless they are relied

---

[1]     The IJ and BIA also agreed that petitioner had not shown the extreme hardship required for relief under § 1229b(b)(2). *See* Admin. R. at 36, 91. This finding is not subject to judicial review. *Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005). But as hardship is not specified as a requirement for adjustment of status in § 1255(a), the unreviewable hardship finding does not fully obviate our consideration of the false-claim-of-citizenship issue here.

upon by the BIA in its affirmance." *Sarr*, 474 F.3d at 790 (quotations omitted). But in such cases "when seeking to understand the grounds provided by the BIA, we are not precluded from consulting the IJ's more complete explanation of those same grounds" and "may consult the IJ's opinion to the extent the BIA relied upon or incorporated it." *Id.* (noting, for example, that clarification may be obtained from IJ's decision when BIA's order "incorporates by reference the IJ's rationale" or "repeats a condensed version of the IJ's reasons while also relying on the IJ's more complete discussion") (quotation omitted).

The BIA's concomitant adoption/misstatement of the IJ's decision on removability complicates the matter in a way our case law has not addressed. We need not delve into this complication, however, because any error or irregularity involved is legally immaterial. "Harmless-error analysis applies in immigration cases." *Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004); *see, e.g.*, *Nazaraghaie v. INS*, 102 F.3d 460, 465 (10th Cir. 1996); *Conteh v. Gonzales*, 461 F.3d 45, 59 (1st Cir. 2006), *petition for cert. filed* (U.S. Jan. 8, 2007) (No. 06-9829). Petitioner conceded his removability on a patently evident basis separate and distinct from the false claim of citizenship. Hence, the latter ground for removal interjected by the BIA and now subject to challenge is legally redundant and, thus, its resolution can have no material effect on the outcome of the removability determination. That is the hallmark of harmless error. *See, e.g.*, *Nazaraghaie*, 102 F.3d at 465; *Conteh*, 461 F.3d at 59.

**Denial of Relief from Removal**

The legal irrelevance of the false claim of citizenship with respect to the determination of removability does not, of course, eliminate the issue from the case. It remains a basis for the denial of relief from removal, on which the decisions of the BIA and IJ were consistent.

The focus on relief from removal does, however, have a direct effect on the burden of proof in a way that undermines much of petitioner's case on appeal. As noted above, when relief from removal is at issue, it is the alien's burden to show eligibility, not the government's burden to show ineligibility. *See also Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (explaining that when, as here, "petitioner conceded removability, the burden shifted to him to show that he was . . . eligible for relief from removal"). In challenging the finding that he made a false claim of citizenship, petitioner assumes that the government bore the burden of proof on the issue. To the extent that this assumed premise itself constitutes his objection to the finding–i.e., to the extent petitioner argues that the IJ and BIA legally erred by misallocating the burden of proof–his objection is without merit for reasons we have already stated.

The focus on relief from removal has jurisdictional consequences as well. Such relief (through either § 1229b and § 1255) involves a discretionary matter excluded from judicial review by § 1252(a)(2)(B)(i) unless the petitioner raises a legal or constitutional objection preserved for review by § 1252(a)(2)(D). Thus,

to the extent petitioner generally challenges the evidentiary basis for the factual finding that he made a false claim of citizenship, we lack jurisdiction to consider his objection. *See Diallo v. Gonzales*, 447 F.3d 1274, 1281 (10th Cir. 2006) ("challenges directed solely at the agency's . . . factual determinations remain outside the scope of judicial review" notwithstanding § 1252(a)(2)(D)).

Petitioner may, however, obtain review of objections that either (1) involve undisputed facts and "turn[] on interpretation of the applicable statutory section"; or (2) question "whether the BIA applied the correct legal standard in making its determination." *Brue v. Gonzales*, 464 F.3d 1227, 1231-32 (10th Cir. 2006). His objection that a false claim of citizenship can never be based solely on checking the box for "citizen or national" on an I-9 form, because the statute requires a misrepresentation of citizenship and the ambiguous avowal on the form can never in itself satisfy that requirement, may well implicate one or both of the exceptions identified in *Brue*. But that objection mischaracterizes the determination under review here. Other evidence relating to context and intent was clearly relied on to find that petitioner had misrepresented his citizenship. *See* Admin. R. at 89-90. Petitioner's challenge is, in actuality, a general objection to the evidentiary basis for an adverse factual finding, which is excluded from judicial review under § 1252(a)(2)(B)(i).

Petitioner also summarily asserts that the analysis underlying this factual finding violated his due process rights. This perfunctory attempt to clothe his

challenge in constitutional garb is insufficient to transform this unreviewable factual matter into a colorable constitutional question for purposes of review under § 1252(a)(2)(D). *See, e.g.*, *Bazua-Cota v. Gonzales*, 466 F.3d 747, 748-49 (9th Cir. 2006); *De Araujo v. Gonzales*, 457 F.3d 146, 154 (1st Cir. 2006); *Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir. 2006).

Finally, petitioner's objection to the assessment of his credibility in connection with the false claim of citizenship likewise fails. Credibility findings do not fall within the exception permitting judicial review under § 1252(a)(2)(D). *Perales-Cumpean v. Gonzales*, 429 F.3d 977, 982 n.4 (10th Cir. 2005); *Mehilli v. Gonzales*, 433 F.3d 86, 93 (1st Cir. 2005).

In sum, petitioner conceded an obvious basis for his removability and the proper burden of proof was applied in denying him relief from removal. He has raised no objections to that determination that are both cognizable on review and meritorious.

The petition for review is DENIED.

Entered for the Court

Michael R. Murphy
Circuit Judge