**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0388n.06
Filed: June 12, 2007

**No. 06-3564**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| VIJAY I. JAISINGHANI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW OF A |
| v. | ) | FINAL ORDER OF THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ALBERTO GONZALES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

BEFORE:    DAUGHTREY and GIBBONS, Circuit Judges; SCHWARZER,[*] District Judge.

**WILLIAM W SCHWARZER, District Judge.**  Vijay Indru Jaisinghani (Jaisinghani) petitions for review of an order of the Board of Immigration Appeals (BIA) summarily dismissing his appeal from an Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture, and of a subsequent order of the BIA denying his motion to reopen.  Finding no abuse of discretion in the denial of the motion to reopen and lacking jurisdiction to review the order dismissing the appeal, we deny the petition.

**ANALYSIS**

---

[*]The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1

Jaisinghani is a native and citizen of India. He entered the United States on a six-month visitor's visa in 1994. In 1999, he was served with Notices to Appear and of Custody Determination under the Immigration and Nationality Act (INA) section 237(a)(1)(B), 8 U.S.C. § 1127. Jaisinghani applied for asylum and withholding of removal under INA section 208, 8 U.S.C. § 1158, and requested consideration under Article 3 of the Convention Against Torture and, in the alternative, voluntary departure. On July 20, 2004, Jaisinghani appeared at a removal hearing following which the IJ issued an oral decision denying him all relief and ordering his removal to India.

On August 12, 2004, Jaisinghani filed a timely Notice of Appeal from the decision of the IJ, indicating that he intended to file a separate written brief. Jaisinghani, however, did not file a brief or written statement or an explanation of his failure to do so although he had been granted an extension of time to file. On November 21, 2005 the BIA dismissed his appeal for failure to submit a brief or statement.

On February 16, 2006, Jaisinghani filed a motion to reopen asserting that he had not received the BIA's order and that his wife was undergoing naturalization proceedings. On March 28, 2006, the BIA denied the motion. On April 24, 2006, Jaisinghani petitioned this court for review of the final deportation order and the denial of his motion to reopen.

## I.     THE ORDER DENYING THE MOTION TO REOPEN

Jaisinghani contends that the BIA erroneously denied his motion to reopen his appeal. In support of his motion, he argued that he switched counsel during the pending appeal and that his new counsel never submitted a brief. He also claimed that neither substitute nor his original counsel received a copy of the BIA's order dismissing his appeal. Finally, he argues that he is

2

entitled to relief because his wife was undergoing naturalization proceedings.

This court "review[s] the Board's denial of a motion to reopen deportation proceedings for abuse of discretion." *Ashki v. I.N.S.*, 233 F.3d 913, 917 (6th Cir. 2000). In denying the motion, the BIA found that all correspondence had been sent to counsel of record (who continues to represent Jaisinghani) at the address provided, and that there is no indication that that attorney attempted to withdraw or that another attorney entered an appearance. The findings are undisputed and, in any event, Jaisinghani's failure to receive the BIA's dismissal order could not be a ground for reversing the dismissal based on his failure to file a brief.

Further, that Jaisinghani's wife was in naturalization proceedings is not a ground for reopening. As the BIA stated, "A motion to reopen will not be a granted unless the alien establishes a prima facie case of eligibility for the underlying relief sought." *See Yousif v. I.N.S.*, 794 F.2d 236, 241 (6th Cir. 1986) ("[A] motion to reopen should not be granted unless the petitioner makes a prima facie showing that the statutory requirements for the underlying relief have been met."). The Board found that reopening was not warranted because Jaisinghani failed to show that an immigrant visa was immediately available to him, as his wife's naturalization proceedings were still pending. *See* 8 C.F.R. § 1245.1, stating:

> Any alien who is physically present in the United States . . . may apply for adjustment of status to that of a lawful permanent resident of the United States if the applicant is eligible to receive an immigrant visa and an immigrant visa is immediately available at the time of filing of the application.

8 C.F.R. § 1245.1(a).

Finally, we reject Jaisinghani's claim that the denial of the motion to reopen denied him due process. An alien does not have a constitutionally protected interest in receiving

3

discretionary relief from removal. *See* De *Araujo v. Gonzales*, 457 F.3d 146, 154 (1st Cir. 2006). We conclude that the BIA did not abuse its discretion.

## II.      THE ORDER DISMISSING THE APPEAL

Jaisinghani asks us to review the BIA's order summarily dismissing his appeal. Under 8 U.S.C. § 1252(b)(1), a "petition for review must be filed not later than 30 days after the date of the final order of removal." The BIA issued its summary dismissal of his appeal on November 21, 2005. He filed his petition for review by this court on April 24, 2006, 154 days after the order.

His petition was untimely unless the intervening motion to reopen served to extend his time. We hold that it did not. By the time the motion was filed–on February 16, 2006–the time to file a petition had already expired. The filing of his motion could not revive his right to petition for review. Moreover, a removal order becomes final upon dismissal of an appeal by the BIA, and the filing of a motion to reopen does not toll the time to petition for review. *Stone v. I.N.S.*, 514 U.S. 386, 405-06 (1995).

While we therefore lack jurisdiction to review the BIA's summary dismissal, we note that Jaisinghani's appeal was dismissed under 8 C.F.R. § 1003.1(d)(2)(i)(E), which states that

> [a] single Board member or panel may summarily dismiss any appeal or portion of any appeal in any case in which . . . [t]he party concerned indicates on Form EOIR-26 . . . that he or she will file a brief or statement in support of the appeal and, thereafter, does not file such brief or statement, or reasonably explain his or her failure to do so, within the time set for filing . . . .

Jaisinghani checked the box on his EOIR-26 (Notice of Appeal) indicating that he would file a separate written brief or statement. Immediately below the box appeared the following warning:

> WARNING: If you mark "Yes" in item #8, you will be expected to file a written

brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.

Jaisinghani's conclusory statement of reasons for his appeal contained in his Notice of Appeal did not meet the regulation's requirements for a "separate written brief or statement." Given the unexcused failure to file a brief, the summary dismissal of the appeal could not be considered an abuse of discretion.

For the reasons stated, the petition for review is denied.