

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# Sutiowijono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3188

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Sutiowijono v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1305.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1305

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3188

HANDY PRANATA SUTIOWIJONO,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96-426-977
(U.S. Immigration Judge: Frederic G. Leeds)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 20, 2009

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: May 27, 2009)

OPINION OF THE COURT

PER CURIAM.

Handy Pranata Sutiowijono petitions for review of an order of the Board of

Immigration Appeals (BIA), which dismissed his appeal of an Immigration Judge's (IJ's)

final removal order. We will deny the petition for review.

Sutiowijono entered the United States as a crewmember in January 2001, with authorization to stay until his ship left port, but not longer than twenty days. Sutiowijono stayed longer than permitted, and was placed in removal proceedings. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he had suffered and would suffer persecution in Indonesia on account of his Chinese ethnicity and his Christian religion. The IJ found that Sutiowijono's asylum claim was untimely, as he had not applied for asylum within one year of his arrival, and found no exception to the requirement for timely filing applied. The IJ considered his claims for statutory withholding of removal and relief under the CAT, but found that Sutiowijono had not established that the problems he had experienced in the past were on account of his ethnicity or religion, and that he had not established that there was a pattern or practice of persecution against Chinese Christians in Indonesia.

The BIA agreed with the IJ's finding that Sutiowijono's asylum claim was untimely and that no exception applied. The BIA held that the incidents Sutiowijono described from his past (being teased and once beaten by schoolmates, being attacked and robbed once by a group of kids, having a window broken by drunken men) did not rise to the level of persecution. The BIA also held that Sutiowijono had not shown that it was more likely than not that he would be persecuted in the future. The BIA recognized the problems with anti-Chinese discrimination and interreligious violence in Indonesia, but

2

found that the current country conditions evidence did not establish a pattern or practice of persecution of Chinese Christians. The BIA also held that Sutiowijono had not shown that it was more likely than not that he would be tortured in Indonesia. Suitowijono filed a timely petition for review.

In most cases, we have jurisdiction to review a final order of removal involving the denial of asylum. 8 U.S.C. § 1252(a)(1). However, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review any determination regarding the timeliness of an asylum application and the applicability of the exceptions. See Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). Although the subsequently enacted REAL ID Act amended the Immigration and Nationality Act to allow constitutional claims or questions of law to survive its jurisdiction-stripping provisions, see REAL ID Act § 106(a)(1)(A)(iii), 8 U.S.C. § 1252(a)(2)(D), this Court has held that claims of changed or extraordinary circumstances to justify an untimely asylum application fall within the Attorney General's discretion and therefore do not present a constitutional claim or question of law covered by the REAL ID Act's judicial review provision. Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006). Sutiowijono argues that we have jurisdiction to review the denial of his asylum application because the IJ failed to apply the proper legal standard in determining the timeliness of his application. Sutiowijono concedes that he did not raise this issue in his brief to the BIA, but he argues that we have jurisdiction to consider the issue, citing Lin v. Attorney General, 543 F.3d 114 (3d Cir.

3

2008), because the BIA ruled on the timeliness issue in its decision.  However, the BIA

here did not rule on whether the IJ applied the proper standard, because it had no way of

knowing that Sutiowijono believed that was an issue.  The issue is thus unexhausted, and

we lack jurisdiction to consider Sutiowijono's argument.[1]  See Abdulrahman v. Ashcroft,

330 F.3d 587, 594-95 (court lacked jurisdiction to consider alien's burden of proof

argument where argument was not raised in notice of appeal or brief to BIA).   Because

we lack jurisdiction to consider whether Sutiowijono's asylum application was timely, our

review is confined to consideration of whether the BIA properly affirmed the denial of

withholding of removal.[2]

   To be eligible for withholding of removal, Sutiowijono must demonstrate that it is

more likely than not that his life would be threatened in Indonesia on account of race,

religion, nationality, membership in a particular social group, or political opinion.

Tarrawally, 338 F.3d at 186; 8 U.S.C. § 1231(b)(3)(A).  We may reverse the BIA's

---

[1]In any event, Sutiowijono's argument is without merit.  He argues that the IJ should have applied "the substantial evidence" standard in determining whether changed country circumstances materially affected his eligibility for asylum, but cites no authority for his argument.  As the Government points out, the substantial evidence is a judicial review standard rather than a standard for IJs to apply.

[2]Sutiowijono's brief contains only a conclusory statement that he is eligible for relief under the CAT, and that the BIA and IJ erred in denying such relief.  Such a statement is not sufficient to bring the issue before the Court, and we deem the issue waived.  De Araujo v. Gonzales, 457 F.3d 146, 153 (1st Cir. 2006); Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir. 2005).

decision only if the record would compel a reasonable factfinder to conclude that the requisite fear existed. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Sutiowijono argues that he suffered past persecution on account of his Chinese ethnicity and his Christian religion when he was (1) involved in several incidents where he was harassed and/or beaten by native people when he was growing up, A.R. 125-30; (2) he witnessed the attacks and riots against Chinese people in 1998, A.R. 130-35; and (3) a 2000 incident where drunken native Indonesians broke windows in the house he was in, A.R. 135-36. We conclude that Sutiowijono has not shown that the record compels a finding that he suffered past persecution, as opposed to discrimination or harassment, on account of his ethnicity or religion. Fatin v. I.N.S., 12 F.3d 1233, 1240 (3d Cir. 1993) ("persecution does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional").

Sutiowijono also argues that there is a pattern or practice of persecution against Chinese Christians in Indonesia. We have held that in order to constitute a "pattern or practice," the persecution of a group must be "systemic, pervasive, or organized." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005). In Wong v. Attorney General, 539 F.3d 225 (3d Cir. 2008), we held that the 2003 and 2004 Country Reports did not demonstrate a pattern or practice of persecution against Chinese Christians. Id. at 233. We noted that the 2005 and 2006 Country Reports documented improved treatment of Chinese Christians in Indonesia. Id., 539 F.3d at 234. Here, Sutiowijono refers to the 2005

Country Report.  The report notes a reduction in inter-religious violence and a government initiative to prosecute extremists.

We conclude that Sutiowijono has not shown that the record compels a finding that his life would be threatened if removed to Indonesia so as to entitle him to withholding of removal. Tarrawally, 338 F.3d at 186.  We further find that the BIA properly denied Sutiowijono's motion to remand, because Sutiowijono did not show that he is more likely to be persecuted due to the birth of his U.S. citizen child.

For the foregoing reasons, we will deny the petition for review.