**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1200
_____

ELMER MILIAN DUARTE,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073-180-251)
Immigration Judge: Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 13, 2010
Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed : October 15, 2010 )

_____

OPINION
_____

PER CURIAM

        Elmer Milian Duarte petitions for review of a decision rendered by the Board of

Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision denying

his motion to reopen.  For the reasons that follow, we will deny the petition for review.

Duarte is a native and citizen of Guatemala who entered the United States in 1992 without a valid visa, identity or entry document. A notice to appear ("NTA") charging Duarte with removal pursuant to INA § 212(a)(6)(A)(i) was mailed to Duarte (at 3 Edward Court, Apt. 3, Trenton NJ) on September 15, 2007. (A.R. at 116-17.) Ten days later, the Government sent a hearing notice to the same address, requiring Duarte's appearance on October 3, 2007. (Id. at 96.) The Immigration Court mailed a second NTA to Duarte advising him of a hearing scheduled on November 21, 2007, but the mail, sent to the 3 Edward Court address, was returned as undeliverable.[1] (Id. at 93.) When Duarte failed to appear at the November 21 hearing, the IJ conducted the removal hearing *in absentia* pursuant to INA § 240(b)(5)(A). The IJ ultimately ruled that Duarte be removed to Guatemala based on the documentary evidence submitted by the Government. (Id. at 36.) The final order of removal was mailed to the 3 Edward Court address.

In July 2008, Immigration and Customs Enforcement ("ICE") apprehended Duarte but did not detain him. On September 18, 2008, he filed a counseled motion to rescind the *in absentia* removal order and reopen the proceedings ("motion to reopen") under INA § 240(b)(5)(C)(i), attaching an affidavit and medical documentation showing that he had been hospitalized on an emergency basis for asthma and bronchitis from November

---

[1] The IJ's decision and the Government's brief state that Duarte was also served personally with the second NTA when he appeared at the October 3, 2007 hearing. There is no transcript of the October 3 hearing in the record. There are, however, two identical NTA's indicating that a DHS officer served Duarte personally. (See A.R. at 91-92 & 94-95.)

21 through 29, 2007.  (Id. at 42-82.)  In his affidavit, Duarte stated that "I was scheduled to appear before an Immigration Judge in Newark, New Jersey on November 21, 2007," and that "[t]o my understanding, my former attorney [], informed the immigration court that I was in the hospital. . . ."  (Id. at 83.)  Duarte claimed that his hospitalization constituted "exceptional circumstances" warranting rescission of the in absentia order under 8 C.F.R. § 1003.23(b)(4)(ii).  (Id.)  The IJ denied the unopposed motion, finding that it was untimely filed well beyond the requisite 180-day filing period.  The IJ noted that Duarte failed to explain why he waited for about eight or nine months from the date of the removal order (November 21, 2007) before filing his motion to reopen.[2]  The Board of Immigration Appeals ("BIA") affirmed the IJ's finding that the motion was time-barred, holding that Duarte did not contest the timeliness issue on appeal and that he offered no basis for equitable tolling.  This timely petition for review followed.

We have jurisdiction over this petition pursuant to INA § 242(a), 8 U.S.C. § 1252(a).  We review the agency's denial of a motion to reopen for abuse of discretion.

---

[2]  The IJ also ruled that rescission was not otherwise called for under 8 C.F.R. § 1003.23(b)(4)(ii) because Duarte did not deny receiving the second NTA for the November hearing and he did not allege or demonstrate that his failure to appear was due to circumstances beyond his control while he was in federal or state custody.  The IJ also found that to the extent that Duarte claimed that counsel was ineffective in failing to notify the immigration court of his hospitalization, he failed to comply with Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).  The IJ found that Duarte submitted no evidence that he had retained counsel prior to the November 21, 2007 hearing and that the record lacked any evidence that he diligently attempted to verify his removal status with the immigration court on his own.

3

Immigration & Naturalization Serv. v. Abudu, 485 U.S. 94, 105 (1988). Under this deferential standard of review, we will not disturb the agency's decision unless it is arbitrary, irrational, or contrary to the law. Santana Gonzalez v. Att'y Gen., 506 F.3d 274, 276 (3d Cir. 2007).

When an alien seeks reopening to rescind an order of removal in absentia based on his failure to appear due to exceptional circumstances, he must file the motion within 180 days of the date of the order of removal. 8 U.S.C. § 1229a(b)(5)(C)(i) [INA § 240(b)(5)(C)(i)]. An alien may file a motion to reopen an order of removal in absentia at any time, however, if it is based on a claim that he did not receive proper notice of his hearing or that he was in federal or state custody and failed to appear through no fault of his own. 8 U.S.C. § 1229a(b)(5)(C)(ii) [INA § 240(b)(5)(C)(ii)].

In his brief in support of his petition for review, Duarte alleges that "he did not receive the Notice of Hearing" for the November 21, 2007 hearing, a claim for relief under § 1229a(b)(5)(C)(ii). (Pet'r Br. at 7.) The Government counters that we lack jurisdiction to consider this argument because Duarte failed to raise it on appeal to the BIA. The Court's jurisdiction is limited under § 242(d)(1) of the INA to cases where the petitioner "has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C. 1252(d)(1); see Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). A petitioner has exhausted his administrative remedies if he raises all issues before the BIA. Although the exhaustion principle is not applied "in a draconian

4

fashion," "[o]ut of respect for the administrative process, we will not require the BIA to guess which issues have been presented and which have not." Lin v. Att'y Gen., 543 F.3d 114, 121-22 (3d Cir. 2008). Even if a petitioner does not exhaust a claim, this Court may still have jurisdiction to consider it, if the BIA sua sponte addressed the issue on its merits. Id. at 122-23.

In his Notice of Appeal to the BIA, after setting forth the standard for reopening due to exceptional circumstances under INA § 240(b)(5)(C)(i), Duarte noted that the NTA (for the November 21, 2007 hearing) was returned to the Immigration Court labeled "return to sender, unable to forward," and that "[c]onsequently, Respondent failed to appear." (A.R. at 23.) Duarte immediately followed this statement with an explanation that "his failure to appear at the scheduled hearing was due to "exceptional circumstances," and he claimed that he had established a prima facie case for relief based on his serious respiratory illness. (Id.) In his brief to the BIA, Duarte again argued that the exceptional circumstance of his hospitalization prevented him from appearing at the hearing. In addition, he claimed that his "medical condition" prevented him from filing a timely motion to reopen. (Id. at 6.) Notably, Duarte did not contest the IJ's finding that Duarte "did not deny" that he had received notice. Based on the foregoing, we conclude that the BIA was not given sufficient notice of Duarte's lack of notice claim. Moreover, the BIA did not reach the lack of notice issue on its merits sua sponte in its order. Hence, we lack jurisdiction to review the unexhausted claim.

Duarte also argues the merits of his claim that he was unable to appear at the November 21 hearing due to his hospitalization. He does not challenge, however, the BIA's conclusion that his motion to reopen was untimely filed. His brief contains no argument concerning the timeliness of his motion to reopen or the applicability of equitable tolling, and, thus, it is not sufficient to bring the issue before the Court, and we deem the issue waived. De Araujo v. Gonzales, 457 F.3d 146, 153 (1st Cir. 2006); Voci v. Gonzales, 409 F.3d 607, 609 n.1 (3d Cir. 2005).

For the foregoing reasons, we will deny the petition for review.